UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

SERGIO RAMIREZ,

    Petitioner,      Case No. 1:19-cv-1087

v.               Honorable Paul L. Maloney

DONALD EMERSON,

    Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a federal prisoner under 28 U.S.C. § 2241. Upon initial review, the Court concludes that Petitioner's application challenges the validity of his conviction and sentence, rather than the execution of his sentence. The Court also concludes that Petitioner is not entitled to bring his § 2241 petition under the savings clause of § 2255(e). As a consequence, the Court will dismiss the petition.

## Discussion

### I. Factual allegations

Petitioner Sergio Ramirez presently is incarcerated at the North Lake Correctional Facility. Petitioner pleaded guilty in the United States District Court for the Central District of California to four of the nine charges against him: one count of conspiracy to distribute 50 grams or more of methamphetamine, 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(viii); two counts of possession with intent to distribute 50 or more grams of methamphetamine, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii); and maintaining a drug-involved premises, 21 U.S.C. § 856(a)(1). On July 12, 2010, the court sentenced Petitioner below the guidelines range to

concurrent prison terms of 179 months, less 31 months' credit for time served, followed by 60 months of supervised release. The federal sentences also were to run concurrently with the undischarged portion of the sentence imposed in the San Bernardino County Superior Court. *See United States v. Ramirez*, No. 2:09-cv-0229-GAF (C.D. Cal.) (ECF No. 292).

Petitioner filed a notice of appeal of his convictions and sentences in the Ninth Circuit. Appellate counsel filed a brief under *Anders v. California*, 386 U.S. 738 (1967), stating that there were no grounds for relief, together with a motion to withdraw as counsel. The Ninth Circuit provided Petitioner an opportunity to file a pro se supplemental brief. On April 18, 2012, the Ninth Circuit issued an order concluding that the record revealed no arguable grounds for relief on direct appeal. The court therefore affirmed the convictions and sentences. *United States v. Ramirez*, No. 10-50345 (9th Cir.) (ECF No. 31). Petitioner belatedly filed a brief on appeal, arguing that his federal convictions and sentences violated the Double Jeopardy Clause. *Id.* (ECF No. 35). The court construed the brief as a motion for rehearing, granted rehearing, but again denied relief. *Id.* (ECF No. 36); *see also United States v. Ramirez*, No. 2:09-cv-0229-GAF (C.D. Cal.) (ECF No. 466).

Petitioner filed a motion to correct or vacate his sentence under 28 U.S.C. § 2255 in the Central District of California on October 22, 2013. *United States v. Ramirez*, No. 2:09-cv-229 (C.D. Cal.) (ECF No. 483). In his motion, Petitioner argued that trial counsel was ineffective in two ways: (1) by failing to file a motion for a hearing under *Bartkus v. Illinois*, 395 U.S. 121 (1959), to demonstrate that the Double Jeopardy Clause barred the federal prosecution because the federal authorities had engaged in collusion with the state authorities to obtain prior state-court convictions on the same offense conduct; and (2) by failing to move for a "Fast Track" downward departure under United States Sentencing Guideline (USSG) 5K2 or 5K3. In a minute-order issued

on February 19, 2014, the district court denied Petitioner's § 2255 motion. *United States v. Ramirez*, No. 2:09-cv-229 (C.D. Cal.) (ECF No. 489). Petitioner did not appeal the denial of his § 2255 motion.

On October 3, 2016, Petitioner filed a motion to reduce the sentence, pursuant to Amendment 782 to the USSG manual. The court denied the motion in an order issued on March 13, 2018. *Id.* (ECF No. 506). Petitioner appealed to the Ninth Circuit, which denied the motion and affirmed the district court on March 19, 2019. *Id.* (ECF No. 509).

Subsequently, on September 30, 2019, Petitioner filed a "Motion for an Answered Judgment to Reflect a Sentence Effective Date of June 09, 2009." *Id.* (ECF No. 514). On January 22, 2020, the court denied Plaintiff's motion.

On December 23, 2019, Petitioner filed the instant petition under § 2241. Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner placed his petition in the prison mailing system on December 23, 2019. (Pet., ECF No. 1, PageID.5; Mem. in Support of Pet., ECF No. 2, 25.)

The petition raises two grounds for relief, as follows:

I. Ineffective Assistance of Counsel

II. Double Jeopardy

(Pet., ECF No. 1, PageID.4.)

**II. Discussion**

Ordinarily, a federal prisoner must challenge the legality of his detention by motion under 28 U.S.C. § 2255 but may challenge the manner or execution of his sentence under 28 U.S.C. § 2241. *Hill v. Masters*, 836 F.3d 591, 594 (6th Cir. 2016) (citing *United States v. Peterman*, 249

3

F.3d 458, 461 (6th Cir. 2001)). However, a prisoner may also challenge the legality of his detention under § 2241 if he falls within the "savings clause" of § 2255, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e) (emphasis added); *Peterman*, 249 F.3d at 461. Thus, through the § 2255 "savings clause" vehicle, a petitioner may seek habeas relief under § 2241 where he can show that § 2255 provides an "inadequate or ineffective" means for challenging the legality of his detention.

The Sixth Circuit repeatedly has held that "'[t]he circumstances in which § 2255 is inadequate and ineffective are narrow.'" *Hill*, 836 F.3d at 594 (quoting *Peterman*, 249 F.3d at 461). As the court explained in *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999), "[t]he remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255." *Id.* at 758 (citations omitted). Section 2255 "is not 'inadequate or ineffective' merely because habeas relief has previously been denied, a § 2255 motion is procedurally barred, or the petitioner has been denied permission to file a successive motion.'" *Hill*, 836 F.3d at 594. Instead, the savings clause applies only where the petitioner also demonstrates "actual innocence." *Peterman*, 249 F.3d at 461-62; *Charles*, 180 F.3d at 757.

As discussed, Petitioner filed a motion under § 2255 in the Central District of California. Petitioner raised his double-jeopardy claim on rehearing on direct appeal, and he raised the same claims of ineffective assistance of counsel in his § 2255 motion. That district court considered both the double-jeopardy and ineffective-assistance claims and denied his motion on the merits on February 19, 2014. Petitioner did not appeal the trial court's determination, and that

4

decision is now final. As a consequence, his motion is barred unless he demonstrates that § 2255 is inadequate or ineffective because he is actually innocent. *Id.*

Petitioner fails even to argue that he is actually innocent, much less to introduce evidence of actual innocence. He pleaded guilty to the charges in 2010, and he makes no attempt now to challenge the validity of that plea. In addition, neither of the two grounds presented in his petition would require a finding of actual innocence to be decided. Accordingly, Petitioner may not challenge his conviction in this § 2241 proceeding.

## III.     Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

5

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability. For the same reasons the Court denies the petition, it concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## **Conclusion**

The Court will enter a judgment dismissing the petition and an order denying a certificate of appealability.


Dated: February 3, 2020 /s/ Paul L. Maloney
                                                                                Paul L. Maloney
                                                                                United States District Judge